IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL,    :
INC.
                                :
     v.                              Civil Action No. DKC 14-2043
                                :
VISHAL, INC., ET AL.            :

**MEMORANDUM OPINION**

This case is before the court on the application of Plaintiff Choice Hotels International, Inc. ("Choice Hotels") to confirm an arbitrator's award in its favor against Defendants Vishal, Inc. and Urmila Praful Amin.  The Clerk of Court entered judgment by default against Defendants, (ECF No. 7), indicating that the summonses and copies of the application to confirm the arbitration award were served on Defendants, and Defendants have failed to respond within the time provided by the summonses and pursuant to the Federal Rules of Civil procedure.

   9 U.S.C. § 9 provides, in relevant part:

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Choice Hotels attached to its application a portion of a copy of the parties' contract, which contained an agreement to arbitrate, and a copy of the arbitration award. Paragraph 22 of the contract provides, in part, that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." (ECF No. 1-2).

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all - the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.

*Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). If there is a valid contract between the parties that provides for arbitration, and if the dispute resolved in the arbitration is within the scope of the arbitration clause, then substantive review is limited to those grounds set out in § 10(a) of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 10(a). Section 10 allows vacating of an award where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or misconduct on the part of the arbitrator; or (3) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). In addition, a court may overturn a legal interpretation of an arbitration panel if the interpretation "is in manifest disregard

for the law." *See, e.g., Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law."); *Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229. The burden is on the party challenging an award to prove the existence of one of the grounds for vacating the award. *See Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) ("[T]he moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act[.]").

By failing to answer or otherwise respond to Plaintiff's application, Defendants have not demonstrated any ground for vacating the award. Accordingly, Plaintiff's application to confirm an arbitrator's award will be granted.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
